1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10   BANK OF NEW YORK MELLON,          )   Civil No. 11-cv-2574-JAH (NLS)
                                       )
11                    Plaintiff,       )   **ORDER GRANTING MOTION TO**
     v.                                )   **REMAND**
12                                     )
     ERIC CRANDALL et al.,             )   **[DKT. NO. 2]**
13                                     )
                      Defendants.      )
14   _____)

15          On November 4, 2011, defendant Eric Crandall ("Defendant") removed this

16   unlawful detainer action from the Superior Court of the State of California, County of San

17   Diego to this Court.  (Dkt. No. 1.)  The state court complaint demands restitution and

18   possession of certain real property; damages at the rate of $129.37 per day from October

19   1, 2011, through the date of judgment; costs of suit; and for such other relief deemed

20   proper.  The complaint seeks relief pursuant only to California state law.

21          In his Notice of Removal, Defendant asserts this Court has subject matter

22   jurisdiction over this case pursuant to the existence of a federal question, to wit, a

23   question arising under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220

24   ("PTFA").

25          Plaintiff Bank of New York Mellon (as Trustee for the Certificate Holders of Cwalt,

26   Inc., Alternative Loan Trust 2005-14, Mortgage Pass Through Certificates, Series 2005-14

27   formerly known as The Bank of New York) ("Plaintiff") filed a Motion to Remand on

28   December 9, 2011, and this Court set a hearing date for Plaintiff's Motion on January 23,

2012.  On January 11, 2012, Plaintiff filed a Reply in support of its Motion to Remand. After a review of the Docket, however, this Court became aware that no opposition had been filed to Plaintiff's Motion to Remand.[1]  Thereafter, Plaintiff filed a Notice of Withdrawal, withdrawing its Reply, along with a Notice of Non-opposition, noting that Defendant failed to file an opposition within the time permitted by Civil Local Rule 7.1(e)(2).  Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand as unopposed.[2]

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond.  See generally, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers).  Civil Local Rule 7.1(f)(3)(c) expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other request for ruling by the court."

Because Plaintiff's Motion to Remand was set for a hearing on January 23, 2012, Defendant was required to file an opposition no later than January 9, 2012.  To date, Defendant has neither filed a response to the Motion nor sought additional time to do so. Accordingly, this Court grants Plaintiff's Motion to Remand as unopposed.

Even if Defendant had timely filed an opposition, however, this Court finds this case should be remanded for lack of subject matter jurisdiction.  A state court action can be removed if it could have originally been brought in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of

---

[1] It appears from Plaintiff's Reply that Defendant may have served, but did not file, an opposition to Plaintiff's Motion.

[2] As set forth below, even if Defendant had timely filed an opposition to Plaintiff's Motion to Remand, this Court would have reached the same result, i.e., that the case should be remanded.

1   remanding the case to state court.  Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

2          To remove an action based on the existence of a federal question, the complaint

3   must establish either that federal law creates a cause of action alleged in the complaint or

4   that the plaintiff's right to relief necessarily depends on the resolution of substantial

5   questions of federal law.  See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust

6   for S. Cal., 461 U.S. 1, 10 (1983).  A plaintiff is the master of its complaint, and federal

7   question jurisdiction exists only when a federal question is presented on the face of a

8   properly pled complaint.  See Caterpillar, 482 U.S. at 392.  As such, removal cannot be

9   based on a counterclaim or an affirmative defense.  Takeda v. N.W. Nat'l Life Ins. Co.,

10  765 F.2d 815, 822 (9th Cir. 1985); Effects Assoc., Inc. v. Cohen, 817 F.2d 72, 73 (9th

11  Cir. 1987).

12         With regard to a claim under the PTFA, this Court agrees with the conclusions of

13  other California district courts that a claim under the PTFA does not give rise to a federal

14  question for purposes of subject matter jurisdiction, see e.g., SD Coastline LP v. Buck,

15  2010 WL 4809661, at *2 (S.D. Cal. Nov. 19, 2010), but is instead best characterized as

16  a defense or potential counterclaim, see, e.g., Aurora Loan Serv., LLC v. Montoya, 2011

17  WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011).

18         Because the basis of Defendant's Notice of Removal is a purported federal question

19  arising under the PTFA, this Court finds Defendant has failed to identify any federal

20  question on the face of the unlawful detainer complaint that would make removal to this

21  Court appropriate.  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to

22  Remand is **GRANTED**.

23  Dated: January 12, 2011

24  _____

25  JOHN A. HOUSTON
    United States District Judge

26

27

28